UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES WINDING AND NIGEL MCCLAIN                                        PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:13CV142 DPJ-FKB

V. LARD, ET AL.                                                        DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court on Plaintiff James Winding's Motion for Recusal [5], his Motion to Change Venue [6], Defendant T. Naylor's Motion to Dismiss [7]; and Plaintiff's Motion to Strike Defense Motion to Dismiss Defendant T. Naylor [11]. The Court rules as follows:

I.   Motion for Recusal[1]

Winding seeks recusal of United States Magistrate Judge F. Keith Ball. In his motion, Winding generally claims that Judge Ball (1) is biased against him and other inmates and is favorable to defense counsel; (2) rules against him; (3) "is corrupt due to Plaintiff Winding did not bribe him"; and (4) is a defendant in two civil actions Winding filed this year (3:13cv183 and 4:13cv64).

Winding is very familiar with Judge Ball, who has handled the lion's share of Winding's numerous civil actions.[2] His claim that Judge Ball laughs about him *after* Winding leaves the room is unsupported and non-specific. His claim that Judge Ball rules against him is irrelevant

---

[1] The Motion for Recusal is docketed at [5] in the record, but the pleading identified as a Motion to Change Venue [6] also includes a motion to recuse Judge Ball and provides more explanation of that motion.

[2] Winding achieved his third strike under 28 U.S.C. § 1915(g) in 2010, and then, by the Court's count, filed 20 suits in 2011; 26 in 2012; and 11 in the first five months of 2013.

because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). And his lawsuits against Judge Ball are of no moment.

> Regarding Winding's suits against Judge Ball, the Fifth Circuit has previously noted:
>
> Judges are not required to recuse just because they have been or are involved in litigation with a party. Otherwise, parties could control which judges hear their case by filing lawsuits against all judges of whom they disapproved. Courts must take care to ensure that motions for recusal are not abused as a litigation tactic.

*Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011) (citation omitted). Winding's suits against Judge Ball appear to be tactical. Neither of the two suits against Judge Ball explain the claims against him and appear instead to focus on incidents that occurred at the jail. One of those suits, 3:13cv183, was recently dismissed. The other is still pending, but as noted, it fails to support the claim against Judge Ball. It appears to the Court that Winding is dissatisfied with Judge Ball's rulings and has attempted to manufacture a basis for recusal. Accordingly, the motion for recusal [5] is denied.

## II.  Motion to Change Venue

Winding's desire for a new venue is based on his belief that the United States District Court for the Southern District of Mississippi is biased against him. He therefore seeks transfer to the Northern District of Mississippi. As just noted, rulings alone are almost never sufficient to grant recusal. *Liteky*, 510 U.S. at 555. The motion to change venue [6] is denied.

## III.  Motion to Dismiss and Plaintiff's Motion to Strike

Defendant Tina Naylor moved for dismissal [7] pursuant to Rule 12(b)(6) because the Complaint failed to explain the claims against her. Winding responded with a motion [11] to

strike Naylor's motion, in which he alleges that Naylor was involved in a conspiracy. Defendant's motion [7] is granted; Plaintiff's motion [11] is denied in part and granted in part. Plaintiff's motion is denied to the extent it seeks to strike, but is construed as a motion to amend and is granted on that basis.

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.*(quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Looking to the Complaint, Winding references Naylor twice, other than listing her address: (1) on page 39, a "sensitive ARP" states that Defendant Naylor and Major Smith were

accused by Correctional Officer Dumas of having sexual relations; and (2) on page 40, the "sensitive ARP" alleges that Defendant Naylor and Unit Manager Hollie retaliated against him and slandered him. No further explanation is provided, and the claims would fail under a Rule 12(b)(6)-type review. Moreover, the slander claim would fail under 42 U.S.C. §1983. *See Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988) (holding that slander claims are not cognizable under § 1983).

The motion to dismiss the original Complaint is therefore granted, but dismissal would be without prejudice and with leave to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). And in this case, the Winding has filed a motion to strike that the Court construes as a motion to amend. For the reasons that follow, the amendment will be allowed.

Because Winding represents himself, the Court liberally construes his pleadings and does so with his motion to strike. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In it, Winding does not explain why Defendant's motion should be stricken. For that reason, it is denied to the extent it seeks to strike Defendant's pleadings. Winding also fails to suggest that the original Complaint was sufficiently specific to state a claim. But the motion does offer a more precise explanation of the claims against Naylor. According to Winding, Naylor is a mental health counselor and the girlfriend of co-defendant Hollie who works at the facility. He asserts that Naylor took adverse actions against him in the form of false progress notes in retaliation for Winding's lawsuits against Hollie. He then states that retaliation against a prisoner litigant violates § 1983 and moves the court to allow him to submit a claim against Naylor. The Court construes all of this as a motion to amend.

Looking then to his new allegations, Winding is correct that § 1983 creates a cause of

4

action when officials retaliate against inmates "in an effort to chill [prisoners'] access to the courts or to punish them for having brought suit." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). And his factual averments are marginally sufficient to survive review under Rule 12(b)(6). Accordingly, he is granted leave to file an amended Complaint consistent with the averments contained in his Motion [11] by June 28, 2013.[3] In granting leave, the Court has not passed on the validity of the claims.

IV.     Referral

Finally, upon consideration of this complaint brought under 42 U.S.C. § 1983 and removed to this Court under federal-question jurisdiction, the Court finds as follows:

That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement. This Court hereby refers this cause to **United States Magistrate Judge F. Keith Ball** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2013.

s/ *Daniel P. Jordan III*  
UNITED STATES DISTRICT JUDGE

---

[3] If Winding fails to file an Amended Complaint by June 28, 2013, Defendant Naylor will be terminated as a defendant without further notice.