IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES WINDING and
NIGEL McCLAIN                                                                          PLAINTIFFS

VS.                                                       CIVIL ACTION NO. 3:13cv142-DPJ-FKB

V. LARD, et al.                                                                         DEFENDANTS

**REPORT AND RECOMMENDATION**

James Winding and Nigel McClain are state prisoners incarcerated at East Mississippi Correctional Facility (EMCF). They brought this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising out of several separate incidents. Presently before the Court are Winding's motions for partial summary judgment [16 and 37] and the motion of Defendants V. Lard, L. Prude, M. Powe, B. Bryant, R. Rice, F. Ovalle, F. Shaw, and H. Hollie (the MTC Defendants)[1] to dismiss [18]. Plaintiffs have not filed a formal response to Defendants' motion; however, they have filed numerous documents addressing the arguments raised in the motion, and the undersigned has considered these documents in making this report and recommendation. Having considered the motions and related documents, the undersigned recommends Winding's motions be denied and that the motion to dismiss be granted.

In their original complaint, Plaintiffs complain of several separate incidents, all of which they claim were the result of the MTC defendants' desire to retaliate against Plaintiff

---

[1] Management & Training Corporation (MTC) operates EMCF under contract with the Mississippi Department of Corrections. One defendant, T. Naylor, is apparently not an MTC employee. The claims against her are set forth in a subsequently-filed amendment to the complaint, and she is not a party to the motion to dismiss.

Winding for the multitude of administrative grievances and lawsuits he has filed against them. Winding alleges that on December 18, 2012, Christopher Groves, an offender with a history of violence and sexual assaults, threatened him with a knife and grabbed his buttocks. According to Winding, Defendant H. Hollie, the unit manager, was responsible for the incident because Hollie left Groves in the hallway. Also on December 18, Plaintiff Nigel McClain, who had at some time in the past been Winding's cell mate, was moved back into Winding's cell. This was an arrangement that Plaintiffs apparently desired. However, the next day, Hollie threatened both of them with a mace gun and forced McClain to move out of Winding's cell. Plaintiffs claim that Defendant V. Lard encouraged Hollie to take this action. Another allegation regarding December 19 concerns Winding's loss of property from his cell. Winding states that Defendant Hollie caused his canteen items to be stolen by other inmates when Hollie left Winding's cell unsecured. The next day, on December 20, Defendant Lard slammed a door on Winding's finger and threatened him in retaliation for Winding's filing of grievances against her. Winding alleges that after the incident, Lard refused to take him to the medical clinic for treatment.

      Winding's motion for partial summary judgment against Defendant F. Shaw [16], a former warden of EMCF, consists of general allegations of negligence and mismanagement. His motion for partial summary judgment against the remaining MTC defendants [37] consists of a single statement containing general references to deliberate indifference, barbaric conditions, poor management, retaliation, and sexual assaults at EMCF. The exhibits to the motions consist of hearsay documents that are not competent summary judgment evidence. Winding has offered no argument or admissible evidence

showing that he is entitled to judgment as matter of law against any of the defendants.

The MTC defendants seek dismissal of Winding's claims based upon his failure to exhaust his administrative remedies prior to filing this action. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate prosecuting a civil rights action in federal court first exhaust his available administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). Claims must be exhausted prior to the filing of the lawsuit; this requirement is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). The MTC Defendants argue that Plaintiff Winding's claims are subject to dismissal because he has failed to exhaust the claims asserted herein prior to the filing of the complaint.

In support of their motion, the MTC Defendants have submitted the affidavit of David Petrie, the Administrative Remedy Program (ARP) Legal Claims Adjudicator for the Mississippi Department of Corrections (MDOC). In the affidavit, Mr. Petrie states that Winding has completed the ARP two-step process for only one grievance (other than grievances related to rules violation reports) submitted since July 19, 2012. In that grievance, ARP no. EMCF-12-1258, Winding expressed dissatisfaction with the manner in which other grievances had been handled. This grievance was filed prior to the events of which Winding complains in the present lawsuit and in no way concerned them.

Winding, on the other hand, has filed numerous documents in an attempt to show that he has he has tried to file grievances and complete the ARP process but has been

3

unable to do so because prison officials have refused to file his requests. Essentially, he is arguing that there were no administrative remedies "available" to him. Nowhere, however, does he give any coherent account of why he was unable to complete the ARP process for the particular claims set forth in this action. On the other hand, the detailed history of Winding's recent filings with MDOC's Administrative Remedies Program included in Mr. Petrie's affidavit clarifies that the difficulties Winding may have experienced in his attempts to file grievances were due to the enforcement of MDOC's standard operating procedures regarding ARP requests. Pursuant to those procedures, an inmate may have only one ARP request under consideration at a time. If an inmate submits a request while another is pending, that request will be filed but will be set aside for handling after the process has been completed for the prior request. An inmate may have a maximum of ten requests in backlog at any one time; any additional ones are returned unfiled to the inmate.[2] Mr. Petrie's affidavit indicates that on several occasions, prison officials have refused to file grievances submitted by Winding because of these limitations. The affidavit also establishes that Winding is familiar with and has availed himself of the procedure whereby an inmate with the maximum number of requests in backlog may withdraw the appropriate number of requests in order to be allowed to file new ones. Thus, a remedy was available to Winding, and his failure to properly pursue it requires dismissal of his claims against the MTC defendants. Furthermore, the undersigned recommends that the dismissal of these claims be with prejudice, as Winding's thirty-day period for filing grievances regarding the claims at issue, all of which

---

[2]These limitations do not apply to disciplinary appeals.

4

were based upon incidents in December of 2012, has expired. *See Johnson v. La. ex rel. La. Dept. Of Pub. Safety and Corr.*, 468 F.3d 278, 280-81 (5th Cir. 2006).

The MTC defendants also argue that McClain has failed to state a claim against any defendant. The undersigned agrees. Plaintiff McClain complains that Defendant Hollie threatened him with a mace gun and that prison officials have refused to allow him to be housed in the same cell as Winding. These allegations fail to raise any constitutional issue. Accordingly, McClain's claims are subject to dismissal.

For these reasons, the undersigned recommends that the claims against the MTC defendants be dismissed with prejudice as frivolous. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of November, 2013.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE