UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES WINDING and
NIGEL MCCLAIN                                                                                                PLAINTIFFS

V.                                                                              CIVIL ACTION NO. 3:13CV142 DPJ-FKB

V. LARD ET AL.                                                                                              DEFENDANTS

ORDER

This cause is before the Court on two Reports and Recommendations [57, 59] entered by Magistrate Judge F. Keith Ball.  Plaintiff James Winding has filed Objections [64, 65].  Winding has also filed additional motions [61, 62, 63, 66], since the entry of the Reports and Recommendations, which are also addressed in this Order.

I.        Motion to Continue Case *In Forma Pauperis* Status

Winding initially filed this suit in state court, and Defendants removed the case and paid the federal filing fee.  Following removal, Winding moved to prosecute this action *in forma pauperis* [31], which Judge Ball recommended [57] denying.  On December 18, 2013, Winding filed a "Motion to Supplement to Arrest of Report and Recommendation" [66], in which he points out that Magistrate Judge Roper held in another of Winding's cases that his motion to proceed *in forma pauperis* was moot because Defendants had paid the filing fee upon removal to federal court.  *See* Order [35], *Winding v. Vincent*, Civil Action No. 3:13cv425 TSL-JMR.  The Court construes this filing as Winding's request to withdraw his motion to proceed in forma pauperis [31] in this action.  His request to withdraw [66] is **granted**.  Alternatively, the Court agrees that the motion can be **considered moot**.

II.   Motions for Partial Summary Judgment and Motion to Dismiss

Second, Judge Ball recommended [59] that Winding's motions for partial summary judgment [16, 37] be denied. Judge Ball also suggested granting the motion to dismiss [18] filed by Defendants Lard, Prude, Bryant, Rice, Ovalle, Shaw, and Hollie (the MTC Defendants). These Defendants moved to dismiss Winding's claims for failure to exhaust his administrative remedies and to dismiss Nigel McClain's allegations based on his failure to state a claim.

In addition to his "Motion to Object" [64] that addressed denial of his *in forma pauperis* request, Winding also filed a "Motion to Supplement to Motion to Object to Report and Recommendation and Respond to Order Document (58)" [65]. The Court construes this filing [65] as a supplement to his Objection [64] that encompasses his response to Judge Ball's second Report and Recommendation [59]. In this filing, Winding complains that Defendants are refusing to allow him and co-plaintiff Nigel McClain to reside in the same cell, despite a settlement agreement between the parties.

As this Court has explained before, it does not interfere with prison policy concerning housing of inmates. *See generally Janali v. Correction Corp. of America*, No. 5:11cv119 KS-MTP, 2013 WL 6536373, at *7 (S.D. Miss. Dec. 13, 2013) ("Also, courts must give deference to the prison officials responsible for creating and establishing policies and maintaining order and security.") (citation omitted); *Anderson v. Rice*, No. 4:12cv64 HTW-LRA, 2013 WL 6230115, at *2 (S.D. Miss. Nov. 30, 2013) ("Moreover, 'prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'") (quoting *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986)) (other citation omitted);

*see also Bell v. Wolfish*, 441 U.S. 520 (1979); *Royal v. Clark*, 447 F.2d 501, 501–02 (5th Cir. 1971) ("Federal Courts will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials in maintaining order and discipline." (citations omitted)).[1]  The Objection is not well-taken.

In sum, the Court adopts the Report and Recommendation [59] of Judge Ball; **denies** Winding's motions for partial summary judgment [16, 37]; and **grants** Defendants' motion to dismiss [18].  In addition, Defendants' motions [39, 46] to strike Winding's motions for summary judgment may be **terminated**.

III.    Additional Motions

As mentioned, Winding has filed numerous motions since entry of the Reports and Recommendations.

-    Winding attached to his Objection a "Motion for Re-Newal" asking the Court, without elaboration, to reconsider Judge Ball's Order [58] denying or terminating seventeen (17) motions [24, 25, 26, 27, 28, 32, 33, 34, 36, 9, 10, 12, 15, 20, 21, 22, 23].  This request is **denied**.  As explained by Judge Ball [58], some of these motions were attempts to assert new claims that should be pursued in separate lawsuits, while other motions sought no particular relief from the Court.

---

[1] To the extent Winding is arguing that Defendants have breached some kind of agreement, that claim is not raised in his Complaint [1] or Amended Complaint [60].  Moreover, his filings suggest that he *offered* to dismiss his claims in exchange for rooming with Plaintiff McClain, but it is not apparent that there was a meeting of minds as to this issue.  And furthermore, the denial of an inmate's request to be housed in the same cell as a specific inmate does not rise to a constitutional violation.  *See generally Bell*, 441 U.S. at 544 ("'Concern with minutiae of prison administration can only distract the court from detached consideration of the one overriding question presented to it: does the practice or condition violate the Constitution?'") (quoting *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978)).

- Winding's motions for injunctive relief [56, 63] asking the Court to direct EMCF to allow him to invoke the buddy system at EMCF are **denied**.  Again, the Court does not interfere with prison policy concerning housing of inmates.

- Likewise, Winding's "Motion to Overcome Defense Motion to Dismiss due to Civil Conspiracy" [62] is **denied**.  To this motion, he attaches a letter from his case manager dated July 12, 2013, memorializing Winding's request to be housed with Nigel McClain in exchange for dismissal of his pending lawsuits.   Again, the Court does not interfere with prison policy concerning housing of inmates.  Moreover, this filing does not evidence a civil conspiracy, does not overcome Defendants' motion to dismiss [18], and does not change the Court's holding with respect to the Report and Recommendation [59].

- Winding's "Motion to Amend and Submit New Evidence of On-Going Corruption Within MTC and MDOC Offical(s) [sic]" [61] is **denied**.  To this motion, Winding attached various news articles printed from the internet that he insists "will prove a pattern at best of deliberate indifference."  Motion [61] at 1.  But "newspaper articles [are] classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (rejecting attempt to use newspapers articles to show a pattern of unconstitutional activity necessary to prove deliberate indifference); *see James v. Tex. Collin Cnty.*, 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay.").  The proposed evidence is inadmissible hearsay; Winding's request [61] is **denied**.

Finally, the Court cannot ignore Winding's continuing habit of filing repetitive and unnecessary motions; this practice will not be tolerated.  Federal Rule of Civil Procedure 11(b)(1) cautions a litigant that presentation to the court of a pleading certifies that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ."  Federal Courts have inherent powers "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in this inherent power is the authority to issue sanctions for abusive litigation practices.  *Id.*; *see also Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (finding district court has jurisdiction to *sua sponte* impose a pre-filing injunction to deter vexatious filings); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988) (finding in relation to Rule 11 sanctions that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose").  **Winding is warned that in the future, he should refrain from filing repetitive motions.  Failure to do so will result in monetary sanctions.**

IV.   Remaining Claim

This Order disposes of all pending motions in this case, as of this date.  The only remaining claim is Winding's claim against Defendant Tina Naylor, as set forth in the Amended Complaint [60] filed November 21, 2013.  The next logical step is that Defendant Naylor will file an Answer or other responsive pleading.  Winding is discouraged from filing any additional motions until this takes place.

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2013.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE