IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES WINDING                                                                                      PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:13cv142-DPJ-FKB

T. NAYLOR                                                                                        DEFENDANTS

## **REPORT AND RECOMMENDATION**

James Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). Previously all claims were dismissed other than those brought by Winding against Defendant T. Naylor under 42 U.S.C. § 1983 for retaliation. Presently before the Court is Defendant's motion to dismiss for failure to exhaust administrative remedies. The undersigned recommends that the motion be granted.

Naylor is a mental health counselor at EMCF. Plaintiff alleges that Naylor retaliated against him for filing a lawsuit against a prison official who is a friend of Naylor. The form of the retaliation, as alleged by Winding, was falsification of Plaintiff's medical progress notes.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate prosecuting a civil rights action in federal court first exhaust his available administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). Claims must be exhausted prior to the filing of the lawsuit; this requirement is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). In support of her motion, Naylor has submitted an

affidavit stating that Winding has never filed a grievance against her alleging falsification of medical records. Winding has come forward with no evidence to the contrary.

For these reasons, the undersigned recommends that the claims against Naylor be dismissed as frivolous. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of November, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE